Dear Mr. Holt:
This letter is in response to your questions asking:
 (1) Does a wholesale fireworks dealer have an obligation to determine for what purposes fireworks purchased from him are to be used?
 (2) If the sale of fireworks by the wholesaler occurs at a time other than between June 20 and July 10 or between December 10 and January 5, must the wholesaler determine
 (a) whether the buyer has a retail sales tax number?
 (b) whether the buyer plans to later sell the fireworks at retail? and/or
 (c) whether the buyer is in fact a wholesale customer or merely a buyer trying to circumvent the provisions against retail purchases of fireworks under section 320.150 RSMo?
Section 320.150, RSMo, provides in pertinent part:
 1. No person shall offer fireworks for sale to individuals at retail before the twentieth day of June and after the tenth day of July and before the tenth day of December and after the fifth day of January.
. . . .
The sections with respect to fireworks regulation, § 320.110, RSMo, et seq., do not define "retail sale." However, § 144.010, RSMo Supp. 1979, of the sales tax law defines "sale at retail" as a transfer of tangible personal property to a purchaser for use and consumption and not for resale in any form a valuable consideration.
We believe that it is clear that it is the obligation of the wholesaler to determine that the sales are not made to individuals at retail before the 20th day of June and after the 10th day of July and before the 10th day of December and after the 5th day of January.
It seems clear that such a wholesaler would be well advised to determine whether the purchaser has a retail sales license under § 144.083, RSMo, and that he should require the purchaser to furnish an exemption certificate under § 144.210, RSMo. In addition, it would probably further protect the seller if he would require the purchaser to complete a form, although such is not required by law, by which the buyer would state his understanding of the provisions of § 320.150, and the fact that his purchase was indeed a bona fide purchase as a retail seller and in compliance with § 320.150.
The suggestions we have set out here are not express requirements of §§ 320.110, RSMo, et seq., but are what we believe to be precautions which such a wholesale seller of fireworks should take to show that he has attempted to comply with § 320.150. We do not purport to speculate as to what instructions a court would give the jury in the trial of the issues which might arise in a case involving a claimed violation of § 320.150.
Very truly yours,
 JOHN ASHCROFT Attorney General